Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGNUM PHOTOS, an international cooperative,<br><br>Plaintiff,<br><br>    v.<br><br>HARVEST EXCHANGE CORP., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*)<br>2. Vicarious and/or Contributory Copyright Infringement<br>3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202)<br><br>**JURY TRIAL DEMANDED** |

1
**COMPLAINT**

Plaintiff, MAGNUM PHOTOS by and through its undersigned attorneys, complains and alleges against Defendants as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.      The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

**THE PARTIES**

5.       Plaintiff MAGNUM PHOTOS ("MAGNUM" or "Plaintiff") is an international cooperative with its principal place of business at 12 West 31st Street, New York, NY 10001.

6.      Upon information and belief, Defendant HARVEST EXCHANGE CORP., ("HARVEST" or "Defendant"), is a corporation with its principal place of business at 1200 Smith Street, Suite 672, Houston, Texas 77002 and does business within the state of California.

7.       Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff's proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PICTORIAL WORKS

9.      MAGNUM is international photographic cooperative owned by its prolific photographer-members.

10.     Elliott Erwitt ("Erwitt") is an advertising and documentary photographer known for his black and white candid photos of ironic and absurd situations within everyday settings.

11.     Erwitt created and owns an original photograph depicted in **Exhibit A** attached hereto (the "Subject Photograph").

12.     The Subject Photograph contains original works copyrightable under the Copyright Act, each of which have been registered in full compliance with the Copyright Act under the Registration No. TX0002436642.

13.     Prior to the acts complained of herein, the Subject Photograph was widely disseminated in magazines, books, articles, and other publications.

14.     For all times relevant to this action, MAGNUM has been appointed as the exclusive administrator and publisher of all copyright rights in and to Subject Photograph.  As such, MAGNUM is entitled to institute and maintain this action for copyright infringement. 17 U.S.C §501(b).

15.     Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photographs, HARVEST, DOE

3
**COMPLAINT**

1  Defendants, and each of them used the Subject Photographs without Plaintiff's

2  authorization for commercial purposes in various ways, including, but not limited

3  to, the use on websites such as https://www.hvst.com/.  Screen captures of said

4  uses are set forth in **Exhibit B** hereto.

5                                **FIRST CLAIM FOR RELIEF**

6                    (For Copyright Infringement – Against all Defendants, and Each)

7            16.    Plaintiff repeats, re-alleges, and incorporates herein by reference as

8  though fully set forth, the allegations contained in the preceding paragraphs.

9            17.    Plaintiff alleges on information and belief that Defendants, and each

10  of them, accessed the Subject Photograph by without limitation, viewing the

11  Subject Photograph on Plaintiff's website or social media profiles, on other sites

12  online, or in physical publications. Access is additionally evidenced by the

13  identical nature of the images in the Subject Photograph and the Infringing

14  Content.

15           18.    Plaintiff alleges on information and belief that Defendants, and each

16  of them, copied, reproduced, displayed, and distributed the Subject Photograph

17  online as seen in the screen captures attached hereto as **Exhibit B**.

18           19.    Plaintiff alleges on information and belief that Defendants, and each

19  of them, infringed Plaintiff's copyrights by creating infringing derivative works

20  from the Subject Photograph and publishing same to the public.

21           20.    Due to Defendants', and each of their, acts of infringement, Plaintiff

22  has suffered general and special damages in an amount to be established at trial.

23           21.    Due to Defendants' acts of copyright infringement as alleged herein,

24  Defendants, and each of them, have obtained direct and indirect profits they would

25  not otherwise have realized but for their infringement of Plaintiff's rights in the

26  Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants'

27  profits directly and indirectly attributable to Defendants' infringement of Plaintiff's

28  rights in the Subject Photograph in an amount to be established at trial.

**COMPLAINT**

22.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

23.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24.     Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

25.     Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

26.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

5

**COMPLAINT**

27.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

28.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each))

29.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

30.     The Subject Photograph was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author.

31.     Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

32.     Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited those sites reflected in **Exhibit A** hereto bearing its own name, and removing Plaintiff's attribution information, including without limitation his name.

**COMPLAINT**

33.     The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

34.     When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

e. That Plaintiff be awarded his costs and fees;

**COMPLAINT**

f.  That Plaintiff be awarded statutory and enhanced damages;

g. That Plaintiff be awarded pre-judgment interest as allowed by law; and,

h. That Plaintiff be awarded further legal and equitable relief as deemed proper.

## **JURY DEMAND**

MAGNUM demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                    Respectfully submitted,

Dated: September 20, 2021          By:  */s/ Stephen M. Doniger*
                                        Stephen M. Doniger, Esq.
                                        Scott A. Burroughs, Esq.
                                        Kelsey M. Schultz, Esq.
                                        DONIGER / BURROUGHS
                                        Attorneys for Plaintiff

**COMPLAINT**

1

**EXHIBIT A**

2



**COMPLAINT**

1

# EXHIBIT B



[https://www.hvst.com/posts/the-hazard-of-experts-how-do-you-avoid-this-hazard-effect-with-hedge-fund-managers-wART86RJ]

[https://1.bp.blogspot.com/-dHT5xYgvbKY/WXnl2-aFvbl/AAAAAAAALPs/5EKY4DCcWrwFEOxzx3FfUZf_2p7GJBGmQCLcBGAs/s1600/Screen%2BShot%2B2017-07-27%2Bat%2B9.07.29%2BAM.png]

**COMPLAINT**